UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex. rel.* POONAM RAI, D.D.S. and ROBIN FITZGERALD, *Plaintiffs*, v. KS2 TX, P.C., *et al.*, *Defendants.* | Civil No. 3:17-cv-834 (JBA) August 16, 2019 |

**RULING ON MOTION FOR RECONSIDERATION**

Relators Poonam Rai, D.D.S., and Robin Fitzgerald ("Relators") move for reconsideration ([Doc. # 111]) of this Court's March 27, 2019 Ruling awarding attorneys' fees in the amount of $368,528.18, in addition to $20,301.59 in costs and expenses. (Ruling on Mot. Attorneys' Fees [Doc. # 110]). Relators ask the Court to amend the Ruling to award total fees in the amount of $696,108.78, with no change in the award of costs and expenses.

Relators "ask the Court to reconsider its reduction of 40% of Relators' adjusted lodestar 'to eliminate duplicative work performed on the first-filed cases.'" (Br. Supp. Mot. Reconsideration [Doc. # 111-2] at 2.) Relators contend that "(a) the issue of 'duplicative' work was not briefed by the parties, (b) reducing an FCA attorneys' fee award on this basis (as outlined in the Court's decision) is unsupported by any statutory or judicial authority, and (c) such a reduction is contrary to the principles underlying Supreme Court attorney's fee precedent." (*Id.*)

This Court's Local Rules provide that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c)(1). "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.*

"In the Second Circuit, '[t]he lodestar method is ordinarily the starting point in determining the amount of fees that may be awarded.'" *Pugach v. M & T Mortg. Corp.*, 564 F. Supp. 2d 153, 155 (E.D.N.Y. 2008) (quoting *Seitzman v. Sun Life Assurance Co. of Canada, Inc.*, 311 F.3d 477, 487 (2d Cir. 2002)). "Under this method, attorneys' fees are calculated by taking 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (other citation omitted).

Relators' Motion for Reconsideration does not challenge the reduced hourly rates ordered by the Court, nor the various exclusions of hours and across the board reductions ordered by the Court, with the exception of the 40% reduction. The Court explained that reduction previously by noting that while "Relators performed work identifying the complex corporate structures and individual clinic locations that together operated as Kool Smiles and related entities across all of the Plaintiff States, investigative work that the Court presumes assisted the States in prevailing in their claims against Defendants[,]" they nonetheless failed to explain in support of their fee petition "in any level of detail what exactly they did otherwise to investigate and move the ball forward on these claims in a manner substantially contributing to the prosecution of this action, or what value they brought to the investigation of the state claims separate from information that the Government was already aware of via Abendano or through its own investigation." (Ruling on Mot. for Attorneys' Fees at 13.) As the Court further explained:

While the Relators substantially contributed to the prosecution of the State FCA claims by (1) bringing them when no one else had, (2) clarifying who all of the Defendants were, providing some valuable investigatory work, (3) determining which states could make claims, and (4) performing legal research necessary to draft the various State FCA counts, the total amount of attorney's fees sought is disproportionate. Except for the Texas FDH claim, the substance of the State FCA claims does not differ from the Federal FCA claims that Abendano had already brought to the Government's attention.

(*Id.* at 13-14.)

The Court now concludes that this analysis failed to take into account the fact that because Abendano's complaint was sealed and thus unavailable to Relators, the work that the Court previously characterized as "duplicative" was in fact necessary work that Relators had to perform in order to successfully protect the various States' interests under their respective FCAs. Because the Court overlooked the fact that Relators were not building upon Abendano's work but working on a blank slate that required performing overlapping work, the Motion for Reconsideration is granted. And because this overlapping work was necessary to the outcome reached in this case, the expenditure of hours on overlapping work was reasonable. The Court finds that the other reductions previously ordered by the Court[1] suffice to ensure the overall reasonableness of the attorneys' fee award, and that no further reductions are necessary.

---

[1] These reductions include Relators' voluntary reduction of $380,853, a Court-ordered across-the-board 15% reduction for inadequate time entries, a Court-ordered reduction in the hourly rate of attorneys Gary Azorsky, Sherrie Savett, and Susan Thomas, and a $117,112.50 reduction in time billed by attorney Carole Broderick. The Court also reduced Relators' claim for costs and expenses by approximately 70%.

Accordingly, the Court hereby amends the Ruling on Motion for Attorneys' Fees to award Relators $696,108.78 in attorneys' fees in addition to $20,301.59 in costs and expenses, for a total award of $716,410.37.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of August 2019.